UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| OATHER TOMLISON, JR. and DEBRA TOMLISON, on behalf of themselves and others similarly situated, | : : : : : | Civil Action No. 1:18-cv-3256 <br><br> **COMPLAINT - - CLASS ACTION** |
| Plaintiff, | : : | **JURY TRIAL DEMANDED** |
| v. | : : | |
| ANDREWS and COX, P.C. d/b/a BLEECKER BRODEY & ANDREWS, | : : : | |
| Defendant. | : | |

## NATURE OF ACTION

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of Indiana consumers who have been the subject of debt collection efforts by Andrews and Cox, P.C. d/b/a Bleecker Brodey & Andrews ("Defendant").

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a

significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. And over one-third of those complaints involve debt collectors' attempts to collect debts that consumers did not owe.[2]

5. To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and their rights with respect to those debts. 15 U.S.C. § 1692g(a).

6. A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

7. Pertinent here, the validation notice must advise the consumer of "the name of the creditor to whom the debt is owed." *Id.*, § 1692g(a)(2).

8. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

9. As noted by the CFPB and the Federal Trade Commission, the validation requirement was a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14 at 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2018* at 15 (2018), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2018/.

has already paid." *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

10. This case centers on Defendant's failure to comply with § 1692g(a)(2) by not specifying in a clear, intelligible manner the current creditor for the debts it seeks to collect.

## PARTIES

11. Oather Tomlison, Jr. ("Mr. Tomlison") is a natural person who at all relevant times resided in Madison County, Indiana.

12. Debra Tomlison ("Mrs. Tomlison") is a natural person who at all relevant times resided in Madison County, Indiana. Mr. and Mrs. Tomlison are sometimes hereinafter collectively referred to as "Plaintiffs."

13. Plaintiffs are obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

14. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due, arose from a transaction in which the money, property, insurance, or services that are the subject of the transactions were incurred primarily for personal, family, or household purposes—namely, a personal loan (the "Debt").

15. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Defendant is a law firm based in Marion County, Indiana.

17. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff.

18. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiffs, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired the Debt for collection.

19. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

21. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

22. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district, and as Defendant maintains its principal place of business in this district.

## FACTUAL ALLEGATIONS

23. On or about August 30, 2018, Defendant sent an initial written communication to Mr. Tomlison in connection with the collection of the Debt.

24. On that same date, Defendant sent a near identical initial written communication to Mrs. Tomlison in connection with the collection of the Debt.

25. True and correct copies of the August 30, 2018 written communications to Mr. Tomlison and Mrs. Tomlison are attached as Exhibit A and Exhibit B, respectively.

26. The August 30, 2018 written communications to Plaintiffs were the first written communications Plaintiffs received from Defendant.

27. Plaintiffs did not receive any other written communications from Defendant within five days of the initial August 30, 2018 written communications.

28. Relevant here, the August 30, 2018 written communications to Plaintiffs each include the following subject line:

> Re: ONEMAIN FINANCIAL SERVICES, INC. AS SERVICER FOR WILMINGTON TRUST, N.A., AS ISSUER LOAN TRUSTEE FOR SPRINGLEAF FUNDING TRUST 2015-B
> Account No. XXXX8497 Our File No. 280462
> Total Balance Due: $8,582.14 (Principal and Interest, as of the date of this letter)
> Attorney's Fee may be requested pursuant to contract

*See* Exs. A, B.

29. The body of each of Defendant's August 30, 2018 communications then opens with the following passage: "Our firm is collecting a debt for ONEMAIN FINANCIAL SERVICES, INC. AS SERVICER FOR WILMINGTON TRUST, N.A., AS ISSUER LOAN TRUSTEE FOR SPRINGLEAF FUNDING TRUST 2015-B, from you with an outstanding balance of $8,582.14." *See* Exs. A, B.

30. Defendant's August 30, 2018 communications continue: "On behalf of ONEMAIN FINANCIAL SERVICES, INC. AS SERVICER FOR WILMINGTON TRUST, N.A., AS ISSUER LOAN TRUSTEE FOR SPRINGLEAF FUNDING TRUST 2015-B, we hereby demand payment in full." *See* Exs. A, B.

31. Defendant's August 30, 2018 communications then continue, "As of the date of this letter, ONEMAIN FINANCIAL SERVICES, INC. AS SERVICER FOR WILMINGTON TRUST, N.A., AS ISSUER LOAN TRUSTEE FOR SPRINGLEAF FUNDING TRUST 2015-B alleges that you owe the sum shown above." *See* Exs. A, B.

32. The August 30, 2018 communications close by directing: "If you wish, you may contact our office at anytime to arrange a payment or payments through your Visa, MasterCard or automatic bank account withdrawal." *See* Exs. A, B.

33. The communications further advise: "**This is an attempt to collect a debt, the communication is from a debt collector and any information obtained will be used for that purpose**." *See* Exs. A, B (emphasis in original).

34. At the end of the August 30, 2018 communications, Defendant signed as "Attorney for Creditor."

## CLASS ACTION ALLEGATIONS

35. Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> All persons (a) with an Indiana address, (b) to whom Andrews and Cox, P.C. d/b/a Bleecker Brodey & Andrews mailed an initial debt collection communication not returned undeliverable to Andrews and Cox, P.C. d/b/a Bleecker Brodey & Andrews (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) which listed more than one entity affiliated with the alleged debt, (f) but failed to specify the current creditor of that debt.

36. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

37. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, class members are so numerous that joinder of all of them is impracticable.

38. The exact number of class members is unknown to Plaintiffs at this time and can only be determined through appropriate discovery.

39. The proposed class is ascertainable because it is defined by reference to objective criteria.

40. In addition, and upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

41. The proposed class satisfies Rules 23(a)(2) and 23(a)(3) because Plaintiffs' claims are typical of the claims of the members of the class.

42. To be sure, the claims of Plaintiffs and all members of the class originate from the same conduct, practice, and procedure on the part of Defendant, and Plaintiffs possess the same interests and have suffered the same injuries as each member of the proposed class.

43. Plaintiffs satisfy Rule 23(a)(4) because they will fairly and adequately protect the interests of the members of the class and have retained counsel experienced and competent in class action litigation.

44. Plaintiffs have no interests that are irrevocably contrary to or in conflict with the members of the class that they seek to represent.

45. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

46. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

47. There will be no difficulty in the management of this action as a class action.

48. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

49. Among the issues of law and fact common to the class are:

    a. Defendant's violations of the FDCPA as alleged herein;

    b. Whether Defendant is a debt collector as defined by the FDCPA;

    c. the availability of statutory penalties; and

  d. the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF 15 U.S.C. § 1692g(a)(2)

50. Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1 through 49.

51. The FDCPA at 15 U.S.C. § 1692g(a)(2) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

\* \* \* \*

(2) the name of the creditor to whom the debt is owed

52. Defendant's August 30, 2018 communications were its initial written communications to Plaintiffs.

53. The August 30, 2018 communications were sent in connection with an attempt to collect the Debt from Plaintiffs.

54. The August 30, 2018 communications did not contain the disclosure required by 15 U.S.C. § 1692g(a)(2), nor did Defendant provide such disclosure within five days thereafter.

55. Defendant's August 30, 2018 written communications violated 15 U.S.C. § 1692g(a)(2) by failing to clearly specify, in a manner in which the least sophisticated consumer could understand, the name of the creditor to whom the Debt was owed.

56. To be sure, the letters refer to at least four separate entities purportedly connected in some way with the Debt:

- OneMain Financial Services, Inc.;
- Wilmington Trust, N.A.;
- Springleaf Funding Trust 2015-B; and

8

- "We" and "our firm" (i.e., Defendant).

57. But nowhere in its August 30, 2018 communications does Defendant specify which of the foregoing entities is "the creditor to whom the [D]ebt is owed." *See* 15 U.S.C. § 1692g(a)(2).

58. This is significant, because Defendant's initial communications must "make th[e] identification clearly enough that the recipient would likely understand it" for Defendant to satisfy its obligation under section 1692g(a)(2). *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) (affirming liability under § 1692g(a)(2) for confusing debt collection letter).

59. Here, Defendant's August 30, 2018 written communications refer to several different entities involved in some way with the Debt without clearly specifying to which of those entities the Debt is actually owed. *See* Exs. A, B.

60. Potential confusion is compounded by Defendant's request for payment *at its office*—implying that Defendant may now be the creditor to whom the Debt is owed—while it signs the communications as "Attorney for Creditor." *See* Exs. A, B.

61. "On its face, then, the letter[s] failed to disclose the information that § 1692g(a)(2) required." *Janetos*, 825 F.2d at 322.

62. Indeed, upon reviewing the August 30, 2018 letters, Plaintiffs were confused as to which of the entities listed was the creditor then owed the Debt.

63. Recently, the District of Maryland sustained a similar § 1692g(a)(2) claim based upon an allegedly misleading debt collection communication listing several entities associated with the alleged debt:

> Cohn argues that because the information in the Letter was accurate, the identity of the creditor to whom the debt is owed was effectively communicated to Smith.

9

> (ECF No. 9–1 at 5–10.) As explained above, not only must the information in the Letter be accurate, it must also be clearly communicated. *The language of Cohn's Letter requires the reader to be able to extrapolate the identity of the creditor to whom the debt is owed from the listed entities*, and further, understand the relationships between U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset–Backed Pass–Through Certificates, Series 2006–EXMI. (*Id.* at 7.) *The least sophisticated consumer could plausibly be confused by the list of entities in the Letter, and the relationship between the listed entities, without a "bizarre" or "unreasonable" interpretation of the Letter.*

*Smith v. Cohn, Goldberg & Deutsch, LLC*, No. 17-2291, 2017 WL 4921695, at *4 (D. Md. Oct. 31, 2017) (emphasis added).

64. Other district courts have reached similar results in analyzing comparable § 1692g(a)(2) claims. *See, e.g.*, *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 779 (S.D. Ind. 2016) ("Based upon the text of the Letters, without more, a significant fraction of the population could question whether the current creditor is Jefferson Capital, Fenton & McGarvey, or Comenity Bank without requiring a 'bizarre, peculiar, or idiosyncratic interpretation.'") (quoting *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 758 (7th Cir. 2006)); *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-3549, 2016 WL 4148330, at *12 (E.D.N.Y. Aug. 4, 2016) ("The Court is not convinced that the least sophisticated consumer would be able to deduce from the caption, 'Re: John T. Mather Hospital,' that John T. Mather Hospital is the current creditor to whom the Plaintiff's debt is owed for purposes of Section 1692g(a)(2), particularly given the fact that the Letter does not specify the Defendant's relationship to John T. Mather Hospital.").

65. As a result, Defendant violated 15 U.S.C. § 1692g(a)(2).

66. The harm suffered by Plaintiffs is particularized in that the violative initial debt collection letters at issue were sent to them personally, regarded their personal alleged debt, and failed to give them statutorily-mandated disclosures to which they were entitled.

67. "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017).

68. And the content of the August 30, 2018 communications created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, No. 17-140, 2017 WL 4005008, at *2 (2d Cir. Sep. 12, 2017) (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

69. Specifically, where a consumer is not told the current creditor of her Debt, she has no way of assessing whether that Debt is, in fact, hers, and is thus more likely to fall victim to abusive debt collection practices. *See, e.g.*, *Ferris v. Transworld Sys., Inc.*, No. 16 C 3703, 2018 WL 701285, *3 (N.D. Ill. Jan. 31, 2018) ("Without knowing the identity of the current creditor, Ferris might have been tricked into paying a debt he did not actually owe or a debt he intended to dispute. Ferris might have also been confused by the false creditor information as to what debt was at issue in the Letter. If confusion by Ferris arose from the false information, any delay while Ferris investigated the matter to address his concerns could have also resulted in further collection fees and harm to his credit rating.").

70. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

**WHEREFORE**, Plaintiffs respectfully request relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(a)(2);

C. Awarding Plaintiffs and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. § 1692g(a)(2) with respect to Plaintiffs and the class;

F. Awarding Plaintiffs and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiffs and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiffs are entitled to and hereby demand a trial by jury.

Dated:  October 22, 2018                                      Respectfully submitted,

/s/ *James L. Davidson*
James L. Davidson
FL Bar No. 723371
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431

Tel: (561) 826-5477
Fax: (561) 961-5684
jdavidson@gdrlawfirm.com

*Counsel for Plaintiffs and the proposed class*

Case 1:18-cv-03256-TWP-TAB    Document 1    Filed 10/22/18    Page 13 of 13 PageID #: 13